UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

MICHAEL TEICH, by LAWRENCE TEICH
and SANTA TEICH as Guardian Advocates,
and LAWRENCE and SANTA
TEICH in their own right as the parents of
MICHAEL TEICH,

        Plaintiffs,

vs.

BROWARD COUNTY SCHOOL BOARD and
TALIA AMY SABO

        Defendants.

Civil Action No.:

**09-CV-61895-Lenard-Turnoff**

**JURY TRIAL DEMANDED**



FILED by VT D.C.
ELECTRONIC

Nov. 30, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT

**NOW COMES** MICHAEL TEICH through his parents and Guardian Advocates, SANTA TEICH ("Mrs. Teich") and LAWRENCE TEICH ("Mr. Teich") (collectively referred to as "Parents"), and SANTA TEICH and LAWRENCE TEICH, in their own right, by and through THE LAW OFFICE OF MARIO R. THEODORE, P.A., hereby complaining of and suing the Defendants, BROWARD COUNTY SCHOOL BOARD and TALIA AMY SABO. In support of this Complaint the Parents allege the following:

### JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claim in this action under 28 U.S.C. § 1331, in that the claims in this complaint arise under the Constitution, law or treaties of the United States.

2. Venue is proper in the Southern District of Florida under 28 U.S.C. § 1391(b), because Plaintiffs reside in Broward County, Florida which is in this judicial district, a substantial part if not all of the events giving rise to this complaint occurred in Broward County, Florida which is within this judicial district, and the Defendants are employed, reside and/or

1

performed all the acts alleged in this Complaint in Broward County, Florida which is in this judicial district.

## PARTIES

3. Michael Teich ("Michael") was for all intents and purposes at the time of the incidents alleged in this Complaint a minor child diagnosed with autism and a resident of Broward County Florida.

4. Lawrence and Santa Teich are residents of Broward County and are the parents and Guardian Advocates of Michael, pursuant to an Order on Petition for Appointment as Guardian Advocate dated June 3, 2009 and Letters of Guardianship dated June 4, 2009.

5. Michael resides with his Parents in Broward County Florida.

6. Michael was and continues to be a special education student within the Broward County Public School System and remained such during all relevant times material to this Complaint.

7. Defendant, BROWARD COUNTY SCHOOL BOARD ("School Board"), is a governmental entity responsible for administering safe and effective public schooling, training of teachers as to discipline, and supervision of students within Broward County, Florida.

8. The School Board is an was at all times material to this Complaint, the recipient of federal financial assistance for handicapped public school students within Broward County, Florida.

9. MONARCH HIGH SCHOOL ("Monarch"), is a public high school located at 5050 Wiles Road, Coconut Creek, Broward County, Florida 33073, and was at all times material to this Complaint, a public high school within the domain and jurisdiction of the School Board.

2

10. Defendant, TALIA SABO ("Ms. Sabo"), is an individual who is sui juris and was at all times material to this Complaint, a resident of Broward County Florida, residing at 6263 Osprey Terrace, Coconut Creek, Florida 33073.

11. Ms. Sabo was at all times material to this Complaint employed by the School Board as a teacher's aide at Monarch.

12. Ms. Sabo was assigned to accompany and monitor Michael in classes at Monarch.

13. Ms. Sabo, acting under the color of state law and within the scope of her employment, was empowered by the State of Florida to instruct, supervise and assist students at Monarch.

14. Ms. Sabo is being sued in her individual capacity.

## GENERAL ALLEGATIONS

15. This is an action brought by the Parents on behalf of their autistic son Michael, for excessive physical abuse, mental abuse and maltreatment he repeatedly endured while enrolled as a special education student at Monarch.

16. For purposes of this action only, Plaintiffs are not claiming the School Board denied Michael a free and appropriate public education, but that the School Board sanctioned the use of excessive force against Michael in violation of his due process rights.

17. Beginning at Michael's entry into 9th grade through the present, he was enrolled as a high school student within the Broward County Public School system.

18. Michael suffers from severe autism which limits his ability to communicate verbally and interact.

19. As a severely autistic child, Michael is virtually helpless to defend against the physical and verbal abuse of an adult.

20. Because of his disability, Monarch would assign teachers or aides to accompany Michael throughout his school day.

21. Ms. Sabo was assigned to accompany and monitor Michael throughout his school day on several occasions while Michael was enrolled at Monarch.

22. On numerous occasions, Ms. Sabo requested that Monarch school administration not assign her to Michael because of her dislike for him.

23. Further, Ms. Sabo openly acknowledged and repeatedly advised school administration and the School Board that she was not trained to handle kids "like this," meaning she had no formal training to deal with a child like Michael who suffers from autism.

24. Ms. Sabo openly expressed her dislike for Michael in front of Michael and other teachers.

25. Ms. Sabo frequently called Michael "gross" and "crazy" and informed Michael that she was going to go after Michael's mother and his younger sister.

26. Monarch and the School Board ignored Ms. Sabo's request and were indifferent to the likelihood of a crisis that would involve Ms. Sabo and Michael.

27. The crises began to manifest when, on or about December 17, 2007, Michael suffered a severe nosebleed and informed Mrs. Teich that he was hit with a chair. The incident was reported to school administration and the School Board. However, Monarch school administration and ultimately, the School Board were indifferent to the allegation and dismissed the allegation as unfounded. Upon information and belief, Ms. Sabo was assigned to Michael on that day.

28. On or about March 25, 2008, Michael came home with a red and swollen eye and stated he was "hit." The injury was so severe Michael had to be taken to the eye doctor.

4

However, Monarch school administration and ultimately, the School Board were indifferent to the allegation and dismissed the allegation as unfounded. Upon information and belief, Ms. Sabo was assigned to Michael on that day.

29. Finally, on May 6, 2008, while accompanying Michael in gym class, Ms. Sabo, without provocation, began to use a metal chair as if she were a "lion tamer" toward Michael to the point he cowered in fear trying to protect himself.

30. Further, Ms. Sabo continued to pursue Michael with the chair and ultimately threw the metal chair at Michael, striking him in the legs.

31. Shortly thereafter, Ms. Sabo grabbed Michael's backpack and dumped all of Michael's belongings in a trashcan breaking his CD player.

32. Consequently, Michael's condition has compounded to the extent that he now suffers from irreparable psychological and emotional injuries as a consequence of Ms. Sabo's conduct.

33. Ms. Sabo abused Michael by violently and forcefully striking him with a metal chair, by directing excessive verbal abuse toward him on a daily basis, including the use of profanities and epithets for purposes of demeaning or belittling him, and threatening and demeaning Michael by means of menacing words or gestures on a daily basis with the intent to place him in fear of imminent attack.

34. Further, Ms. Sabo abused Michael by threatening harm to his family with the intent to keep Michael in constant fear of her.

35. Ms. Sabo's abuse was so egregious that it shocks the conscience and is thus, a violation of Michael's substantive due process rights.

36. Moreover, Ms. Sabo's conduct of physically assaulting and routinely shaming and intimidating an autistic child constitutes excessive punishment and is tantamount to torture.

37. Despite several complaints to the School Board regarding the treatment and unexplained injuries that Michael was incurring while a student at Monarch, the School Board failed to fully investigate the allegations, failed to take immediate action against Ms. Sabo and even engaged in a cover-up of the abuses that Michael endured, despite knowledge that Michael was being severely abused.

38. Consequently, because of the mental and physical abuse he has suffered, Michael suffers from Post Traumatic Stress Disorder and he lives with excessive levels of fear and anxiety because of his traumas.

39. As previously alleged, Michael is a non-communicative autistic child. As such, he cannot effectively communicate all of the specific instances of abuse which he endured. Such specific instances must be obtained through discovery from third party witnesses.

40. Ms. Sabo remained an employee of the Broward County Schools until she submitted her irrevocable letter of resignation effective October 31, 2008.

41. The School Board had either actual or constructive knowledge of all Ms. Sabo's actions alleged in this complaint.

42. All conditions precedent to the institution of this action have either occurred, been satisfied or have been waived.

43. As a result of the Defendant's actions or inactions, Plaintiffs have retained THE LAW OFFICE OF MARIO R. THEODORE, P.A., and have agreed to pay reasonable attorney's fees and costs.

6

6 of 14

## COUNT 1-SECTION 1983/ SABO

44.     Plaintiffs re-allege and re-incorporate each of the allegations contained in paragraphs 1-43, as though fully stated herein.

45.     By her actions and inactions, Ms. Sabo was deliberately indifferent to Michael's physical well-being and his Constitutionally-protected liberty interests.

46.     Ms. Sabo had an affirmative duty to provide Michael with a reasonably safe place to attend school.

47.     Ms. Sabo maliciously and intentionally failed to provide Michael with a reasonable safe place to attend school.

48.     By her actions, Ms. Sabo deprived Michael of his Constitutionally-protected Fourteenth Amendment Due Process liberty interests.

49.     Additionally, Ms. Sabo's actions as alleged above, were shocking to the conscience, arbitrary and egregious, for the purpose of causing physical harm, pain or suffering and/or emotional or psychological trauma to Michael in violation of and deliberate indifference to his Constitutionally-protected Fourteenth Amendment due process liberty interests.

50.     Ms. Sabo deprived Michael of his Fourteenth Amendment due process liberty interests acting under color of state law.

51.     As a direct, proximate and foreseeable result of Ms. Sabo's actions, Michael has been damaged.

**WHEREFORE,** Plaintiffs request judgment against Defendants as hereinafter set forth.

## COUNT II – SECTION 1983/ SCHOOL BOARD

52.     Plaintiff re-alleges and re-incorporates each of the allegations contained in paragraphs 1-43, above, as though fully stated herein.

7

53. School Board, by its actions and inactions was deliberately indifferent to providing appropriate training for teachers of autistic children such as Ms. Sabo, and this deliberate indifference created a wrongful and injurious school disciplinary policy.

54. Further, School Board permitted and tolerated a pattern and practice of unjustified, unreasonable and inappropriate use of physical restraint and force against autistic children.

55. This deliberate indifference and wrongful school disciplinary policy caused the Constitutional deprivations described above and as alleged in Count I.

56. Additionally, by its actions and inactions before, during and after the incidents of abuse alleged above, School Board conspired to conceal the facts of this case in deprivation of the Constitutional rights of Michael.

57. School Board deprived Michael of his Fourteenth Amendment due process liberty interests acting under color of state law.

58. As a direct, proximate and foreseeable result of School Board's actions, Michael has been damaged.

**WHEREFORE,** Plaintiffs request judgment against Defendants as hereinafter set forth.

## COUNT III – ASSAULT/SABO

59. Plaintiff re-alleges and incorporates each of the allegations contained in paragraphs 1-43, above, as though fully stated herein.

60. Ms. Sabo intentionally, maliciously and unlawfully directed force toward Michael by affirmative acts when she abused Michael at Monarch. This physical abuse and maltreatment consisted of, *inter alia*, using verbal abuse such as calling Michael "disgusting", "gross" and "crazy", threatening to harm Michael's mother and younger sister, throwing a metal folding chair

8

at Michael and hitting him with it, using the metal folding chair like a "lion tamer" to force Michael into a cowering fetal position in a corner, and other non-consensual, unprivileged touching and/or excessive corporal punishment.

61. These affirmative acts were unwelcome and non-consensual by Michael.

62. Under the circumstances set forth in this Complaint, Michael had and continues to have a reasonable fear of imminent peril.

63. Ms. Sabo, who is an adult whereas Michael was a minor child with autism, had the apparent present ability to effectuate the attempt of harm and did physically harm Michael.

64. Michael has been damaged as a direct, proximate and foreseeable result of Ms. Sabo's tortuous assault.

**WHEREFORE,** Plaintiffs request judgment against Defendants as hereinafter set forth.

## COUNT IV – BATTERY/SABO

65. Plaintiff re-alleges and incorporates each of the allegations contained in paragraphs 1-43, above, as though fully stated herein.

66. Ms. Sabo intentionally, maliciously and unlawfully directed force toward Michael by affirmative acts when she abused Michael at Monarch. This physical abuse and maltreatment consisted of, *inter alia*, using verbal abuse such as calling Michael "disgusting", "gross" and "crazy", threatening to harm Michael's mother and younger sister, throwing a metal folding chair at Michael and hitting him with it, using the metal folding chair like a "lion tamer" to force Michael into a cowering fetal position in a corner, and other non-consensual, unprivileged touching and/or excessive corporal punishment.

67. Michael has been damaged as a direct, proximate and foreseeable result of Ms. Sabo's tortuous battery.

9

**WHEREFORE,** Plaintiffs request judgment against Defendants as hereinafter set forth.

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS/SABO

68. Plaintiff re-alleges and incorporates each of the allegations contained in paragraphs 1-43, above, as though fully stated herein.

69. Ms. Sabo, by the extreme and outrageous conduct set forth in this Complaint, intentionally or recklessly caused Michael severe emotional distress.

70. Ms. Sabo knew or should have known that severe emotional distress would result to Michael as a result of her extreme and outrageous conduct.

71. Ms. Sabo's conduct of physically abusing a child with autism was beyond all bounds of decency and is atrocious and utterly intolerable in a civilized society.

72. Michael has been damaged as a direct, proximate and foreseeable result of Ms. Sabo's intentional infliction of severe emotional distress.

**WHEREFORE,** Plaintiffs request judgment against Defendants as hereinafter set forth.

## COUNT VI – NEGLIGENT HIRING/SCHOOL BOARD

73. Plaintiff re-alleges and incorporates each of the allegations contained in paragraphs 1-43, above, as though fully stated herein.

74. School Board owed Michael a duty of reasonable care to make an appropriate investigation of its employees and/or agents, including its teachers, teacher's aides, principals, faculty and staff, to ensure that they are suitable for the particular job functions to be performed and/or for employment in general.

75. School Board breached this duty by failing to make an appropriate investigation of Ms. Sabo prior to hiring her.

76. If School Board had conducted an appropriate investigation of Ms. Sabo prior to hiring her, it would have revealed that Ms. Sabo was either unsuitable for the particular job functions to be performed and/or for employment in general. Among other things, School Board would have learned of Ms. Sabo's animosity and indifference toward children with autism and her violent tendencies.

77. It was unreasonable for School Board to hire Ms. Sabo in light of the information they knew or should have known about her.

78. Michael has been damaged as a direct, proximate and foreseeable result of the School Board's negligent hiring of Ms. Sabo.

**WHEREFORE,** Plaintiffs request judgment against Defendants as hereinafter set forth.

### COUNT VII – NEGLIGENT RETENTION/SCHOOL BOARD

79. Plaintiff re-alleges and incorporates each of the allegations contained in paragraphs 1-43, above, as though fully stated herein.

80. School Board owed Michael a duty of reasonable care to act upon each and every complaint, formal or informal, concerning Michael's injuries, especially when there was a consistent pattern that Ms. Sabo was present when the injuries occurred.

81. School Board knew or should have known of Ms. Sabo's violation of Michael's Fourteenth Amendment Due Process Rights, her animosity and indifference toward autistic children and her violent tendencies.

82. School Board breached this duty by unreasonably failing to timely and appropriately investigate Ms. Sabo or take corrective action against her.

83. Michael has been damaged as a direct, proximate and foreseeable result of the School Board's negligent retention of Ms. Sabo.

**WHEREFORE,** Plaintiffs request judgment against Defendants as hereinafter set forth.

## COUNT VIII – NEGLIGENT SUPERVISION/SCHOOL BOARD

84. Plaintiff re-alleges and incorporates each of the allegations contained in paragraphs 1-43, above, as though fully stated herein.

85. School Board owed Michael a duty of reasonable care in adequately supervising, training, monitoring and controlling the faculty, staff and other employees or agents of Monarch, including Ms. Sabo, in such a manner that they did not cause harm to the students at Monarch, including Michael.

86. School Board knew or should have known of Ms. Sabo's violation of Michael's Fourteenth Amendment Due Process Rights, her animosity and indifference toward autistic children and her violent tendencies.

87. School Board breached this duty by unreasonably failing to adequately supervise, train, monitor or control the actions of Ms. Sabo.

88. Michael has been damaged as a direct, proximate and foreseeable result of the negligent supervision of Ms. Sabo.

**WHEREFORE,** MICHAEL TEICH by his and through his parents and Guardian Advocates, LAWRENCE TEICH and SANTA TEICH and LAWRENCE AND SANTA TEICH in their own right, respectfully request this court to do the following:

A. Enter an Order declaring that Talia Sabo's actions were violative of Michael Teich's Constitutional rights;

B. Enter a permanent injunction restraining Talia Sabo from such further violations of constitutionally guaranteed rights;

C. Enter judgment against Talia Sabo for compensatory as well as punitive damages;

  D. Award Plaintiff's attorney's fees pursuant to 28 U.S.C. § 1988(b) and costs associated with litigation; and

  E. Enter an Order declaring that School Board's actions were violative of Michael Teich's Constitutional rights;

  F. Enter a permanent injunction restraining School Board from such further violations of constitutionally guaranteed rights;

  G. Enter judgment against School Board for compensatory as well as punitive damages;

  H. Award Plaintiff's attorney's fees pursuant to 28 U.S.C. § 1988(b) and costs associated with litigation; and

  I. Award such other and further relief this Court deems just and proper.

Respectfully submitted,

THE LAW OFFICE OF
MARIO R. THEODORE, P.A.

By: _____
Mario R. Theodore, Esq.
Florida Bar Number 38195
850 NW Federal Highway
Stuart, Florida 34994
(772) 403-5808 (office)
(772) 335-4112 (facsimile)

*Attorney for Plaintiffs*

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
Teich, Michael; Teich, Lawrence; Teich Santa

**DEFENDANTS**
Broward County School Board, Talia Amy Sabo

(b) County of Residence of First Listed Plaintiff **Broward**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Broward**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED. 09cv 61895-JAL/WCT

(c) Attorney's (Firm Name, Address, and Telephone Number)
The Law Office of Mario R. Theodore, P.A.
850 NW Federal Highway
Stuart, Florida 34994 (772) 403-5808

Attorneys (If Known)
Edward J. Marko, 600 S.E. 3rd Avenue, 11th Floor, Fort Lauderdale, Florida 33301

(d) Check County Where Action Arose: ☐ MIAMI-DADE  ☐ MONROE  ☑ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO     b) Related Cases ☐ YES ☑ NO
JUDGE                                             DOCKET NUMBER

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
42 USC. 1983 physical and emotional abuse caused by teacher and School Board's inaction to protect.

LENGTH OF TRIAL via _3_ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☑ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE
November 12, 2009

FOR OFFICE USE ONLY
AMOUNT 350    RECEIPT # 54817    IFP

14 of 14